PHILLIP A. TALBERT
United States Attorney
KATHERINE T. LYDON
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

FILED

DEC 6 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JORGE ONTIVEROS-CEBREROS,

Defendant.

CASE NO. 2:16-CR-00201 JAM

**PLEA AGREEMENT**

## I. INTRODUCTION

**A. Scope of Agreement.**

The indictment in this case charges the defendant with being a Deported Alien Found in the United States in violation of Title 8, United States Code, Section 1326. This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

**B. Court Not a Party.**

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged

PLEA AGREEMENT                    1

in the indictment. The Court is under no obligation to accept any recommendations made by the parties, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II. DEFENDANT'S OBLIGATIONS

### A. Guilty Plea.

The defendant will plead guilty to the single-count indictment charging him with being a Deported Alien Found in the United States in violation of Title 8, United States Code, Section 1326. The defendant has read the charge against him contained in the indictment and that charge has been fully explained to him by his attorney. Further, the defendant fully understands the nature and elements of the crime in the indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney. The defendant agrees that he is in fact guilty of the charge and that the facts set forth in the Factual Basis in Support of Guilty Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

///

B.  **Waiver of a Full Pre-Sentence Investigation.**

The defendant waives his right to have probation officers of the United States District Court conduct a full pre-sentence investigation and prepare a pre-sentence report, and he agrees that the Court may instead base its sentencing decision on the Pre-Plea Advisory Guideline Presentence Investigation Report ("pre-plea report") prepared by the Court's probation officers. The defendant also authorizes the Court and counsel to review the pre-plea report prior to his entry of a guilty plea, and he waives the right to the statutorily specified delay between disclosure of the pre-plea report and sentencing. This constitutes the written consent and waiver required by Federal Rules of Criminal Procedure 32(e)(1) and 32(e)(2).

C.  **Change of Plea and Sentencing on the Same Day.**

In light of the preceding paragraph, the defendant agrees to be sentenced on the same day that he pleads guilty.

D.  **Stipulation Regarding Consecutive Nature of Sentence.**

The defendant stipulates that his federal sentence will run consecutive to any state sentence the defendant may currently be serving. Accordingly, the defendant shall not request that any portion of his sentence run concurrent to any criminal justice sentence that he may be serving or that he receive credit for time served on any sentence he served or is currently serving.

E.  **Sentencing Recommendation.**

The defendant is free to recommend whatever sentence he believes is appropriate.

F.  **Fine.**

The parties agree that no fine is appropriate in this case.

G.  **Special Assessment.**

The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this plea agreement is voidable at the option of the government if he fails to pay the assessment prior to that hearing. If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial

PLEA AGREEMENT 3

Responsibility Program.

### H. Impact of Plea on Defendant's Immigration Status.

The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. If convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant's plea to the violation herein may subject him to automatic deportation and removal from the United States. See 8 U.S.C. §§ 1227(a)(1) et seq. The defendant affirms that he has been advised of the immigration consequences of pleading guilty and wants to plead guilty regardless of any immigration consequences that may result from his plea, even if such consequence includes his automatic deportation and removal from the United States after completing any sentence of incarceration due to his plea.

### I. Violation of Plea Agreement by Defendant/Withdrawal of Plea.

If the defendant, cooperating or not, violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. The government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. Any post-plea conduct by a defendant constituting obstruction of justice will also be a violation of the agreement. The determination whether the defendant has violated the plea agreement will be under a probable cause standard.

If the defendant violates the plea agreement, withdraws his plea, or tries to withdraw his plea, the government shall have the right to: (1) prosecute the defendant on any of the counts to which he pleaded guilty; (2) reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be

commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.

In addition, (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

### III. THE GOVERNMENT'S OBLIGATIONS

#### A. Recommendations.

1. Acceptance of Responsibility.

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1.

2. Fast-Track Immigration Program.

The United States Attorney's Office for this district utilizes a Fast-Track Immigration Prosecution Program in accordance with guidelines established by the U.S. Department of Justice and the United States Sentencing Commission. This plea agreement was made pursuant to that program. Accordingly, at the time of sentencing, the government will recommend that the defendant's offense level be adjusted downward by **four (4) levels** under U.S.S.G. § 5K3.1. The government's offer to

move for the four-level departure is null and void if the defendant breaches any term of this plea agreement, or if he files or offers any pretrial motion.

3. Incarceration Range.

The government will recommend that the defendant be sentenced to a sentence no higher than the low end of the applicable guideline range following the departure under U.S.S.G. § 5K3.1.

**B.  Use of Information for Sentencing.**

The government is free to provide full and accurate information to the Court and Probation, including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

## IV. ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty, Deported Alien Found in the United States, in violation of Title 8, United States Code, Section 1326: (1) the defendant is an alien; meaning, he is neither a citizen nor a national of the United States; (2) the defendant was previously deported from the United States; (3) after deportation, the defendant voluntarily reentered the United States; (4) after entering the United States, the defendant knew he was in the United States and knowingly remained; and (5) when the defendant was found in the United States, he had not obtained the consent of the Attorney General or the Secretary of Homeland Security to reapply for admission into the United States.

The defendant fully understands the nature and elements of the crimes charged in the indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V. MAXIMUM SENTENCE

**A.  Maximum Penalty.**

The maximum sentence that the Court can impose is 20 years of incarceration, a fine of $250,000, a three-year period of supervised release and a special assessment of $100.

PLEA AGREEMENT                                                 6

### B. Violations of Supervised Release.

The defendant understands that if the Court imposes a term of supervised release and he subsequently violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to two additional years of imprisonment.

### VI. SENTENCING DETERMINATION

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

### VII. WAIVERS

### A. Waiver of Constitutional Rights.

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on his behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be compelled to incriminate himself.

### B. Waiver of Appeal and Collateral Attack.

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea, however, to give up the right to

PLEA AGREEMENT 7

appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the statutory maximum for the offense to which he is pleading guilty.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

### C. Waiver of Attorneys' Fees and Costs.

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

## VIII. ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX. APPROVALS AND SIGNATURES

### A. Defense Counsel.

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 11/28/16

_____
Counsel for Defendant

B. **Defendant:**

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 11-28-16        X _____
                         JORGE ONTIVEROS-CEBREROS, Defendant

C. **Court Certified Interpreter/Translator:**

I declare that I am a court certified Spanish-English interpreter/translator. On 11/28/2016 I read the entire contents of the foregoing Plea Agreement, including the Factual Basis in Support of Guilty Plea attached hereto as Exhibit A, to the defendant, translating the document from English to Spanish.

Dated: 11/28/2016        _____
                          Interpreter/Translator

D. **Attorney for United States:**

I accept and agree to this plea agreement on behalf of the government.

Dated: 12/6/16           PHILLIP A. TALBERT
                         United States Attorney

                    By:  _____
                         KATHERINE T. LYDON
                         Assistant United States Attorney

PLEA AGREEMENT                9

**EXHIBIT "A"**
**Factual Basis for Plea**

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

First, the defendant, JORGE ONTIVEROS-CEBREROS, was found by immigration officers on or about, September 29, 2016, in the State and Eastern District of California after he knowingly and voluntarily entered into, and then knowingly remained in, the United States. The defendant's fingerprints connected him to an immigration file that contained various public records. These records indicate that the defendant was previously found to be an alien and that on June 17, 2009, he was deported from the United States. The immigration file also contains no record of the defendant applying for, or being granted, permission to reenter the United States following that deportation.

Further, the defendant previously admitted to immigration officials that he is an alien; meaning, he is neither a citizen nor a national of the United States. He admitted to immigration officials, under oath, that he is a citizen and national of Mexico.

The defendant admits that prior to his deportation on June 17, 2009, he was convicted of Possession of Cocaine for Sale in violation of California Health & Safety Code Section 11351. The defendant was sentenced to 3 years imprisonment. The defendant stipulates that this is an aggravated felony offense within the meaning of 8 U.S.C. § 1101(a)(43).

Dated: 11-28-16          X _____
                         JORGE ONTIVEROS-CEBREROS
                         Defendant

FACTUAL BASIS FOR PLEA          A-1